OPINION
Christopher High was indicted for carrying a concealed weapon (a 4th degree felony), inducing panic (a 4th degree felony) and improperly discharging a firearm at or into habitation or school safety zone (a 2nd degree felony.) The potential incarceration upon conviction of a 4th degree felony is 6-18 months; the potential incarceration upon conviction of a 2nd degree felony is 2-8 years. High pleaded guilty to each charge and, after completion of a presentence investigation, was sentenced to concurrent sentences of 12 months on each 4th degree felony and 4 years on the second degree felony.
According to the record, High was playing basketball in a gym at Central State University. He became involved in an altercation and proceeded to obtain a gun and fire it in the gym, resulting in evacuation of the gym in the course of which someone suffered a broken arm.
In a brief sentencing proceeding, the trial court stated he had reviewed the presentence report, mentioned that High's conduct had resulted in someone's breaking an arm, and found that (1) the incident involved an attempt or threat with a weapon, that (2) the shortest prison term would demean the seriousness of High's conduct, that (3) the shortest prison term would not protect the public from future crime by High or others, and that (4) High had committed the worst form of the offense. These four findings were also contained in the court's judgment entry.
High asserts two assignments of error on appeal.
 THE SENTENCE IMPOSED IN THIS CASE SHOULD BE REVERSED BECAUSE THE TRIAL COURT FAILED TO NOTE THAT IT ENGAGED IN ANY ANALYSIS BEFORE IT IMPOSED SOMETHING BEYOND THE MINIMUM POSSIBLE SENTENCE.
High's first assignment requires us to determine whether the trial court complied with R.C. 2929.14(B) which states, in part:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The trial court clearly made both of the required findings and High concedes, on the authority of State v. Edmonson (1999),86 Ohio St.3d 324, that the trial court was not required to state its reasons for so finding. In so holding, the court stated in part:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. By contrasting this statute with other related sentencing statutes, we deduce that the verb "finds" as used in this statute means that the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. (Second emphasis added.)
 Id. at 326. High contends that the sentence is defective because the "(trial) court failed to `note that it engaged in the analysis . . . .'" In our judgment, the critical issue is not whether the trial court expressly "note(d) that it engaged in the analysis" but whether the record reflects that it did, in fact, do so. Here, the trial court recounted that it had reviewed the presentence investigation and mentioned two specific facts about the incident: an attempt or threat with a weapon and someone's breaking an arm as a result of High's conduct. We are satisfied from the record before us that the trial court did the necessary analysis prior to making the two findings provided for in R.C. 2929.14(B).
The first assignment is overruled.
 THE SENTENCE SHOULD ALSO BE REVERSED BECAUSE THE TRIAL COURT FAILED TO STATE ITS REASONS FOR IMPOSING A PRISON TERM FOR THE FOURTH DEGREE FELONY CONVICTIONS.
The requirements of R.C. 2929.19(B)(2)(a) are implicated in this assignment. That provision reads as follows:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11
of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
 Edmonson makes clear that the trial court must give reasons for imposing sentence as it does in certain situations specified in R.C. 2929.19(B)(2). Edmonson, 86 Ohio St.3d at 326. The issue here is whether the trial court did so as to the 4th degree felonies.
In its judgment entry, the trial court found that High was not amenable to community control and that prison was consistent with the purposes of R.C. 2929.11. The court further found that a community control sanction was inconsistent with the purposes and principles of sentencing in R.C. 2929.11. The court also found, as observed above, that High had committed the worst form of the offense and that the incident involved an attempt or threat with a weapon. As to the attempt or threat with a weapon, R.C.2929.13(B)(1)(a) provides:
 (B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
* * *
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
In our judgment, the trial court sufficiently stated its reasons for imposing sentence on the 4th degree felonies. We also agree with the state that because the sentences on the 4th degree felonies are to be served concurrently with the sentence on the 2nd degree felony, any deficiency in the trial court's articulation of its reasons for imposing sentences on the 4th degree felonies is not prejudicial to High.
The second assignment is overruled.
 ______________________ WOLFF, J.
BROGAN, J., and YOUNG, J., concur.